J-S04042-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HEIDI LOUISA KROEMMELBEIN | : | |
| | : | |
| Appellant | : | No. 766 EDA 2019 |

Appeal from the Judgment of Sentence Entered October 31, 2018
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0002177-2018

BEFORE: BENDER, P.J.E., STABILE, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.: **FILED MARCH 11, 2020**

Heidi Louisa Kroemmelbein (Appellant) appeals from the judgment of sentence imposed after a jury convicted her of retail theft and criminal conspiracy.[1] We affirm.

The trial court summarized the facts presented at trial as follows:

On February 25, 2018, [Appellant]; her cousin, Danielle Kroemmelbein; and three children went shopping at the Wal-Mart on Mill Creek Road in Lower Macungie Township, Lehigh County, Pennsylvania. After placing multiple items from various departments in their cart, they proceeded to a self-checkout register. The women scanned and paid for 61 items, and attempted to leave without paying for 49 items valued at $240.61. The women were stopped while exiting by a Wal-Mart loss prevention officer.

Video security footage at the self-checkout captured the women's activities. On the video [Appellant] is seen taking items from the cart and scanning them. She places some items in bags,

---

[1] 18 Pa.C.S.A. §§ 3929, 903.

some items back in the cart, and hands other items to Danielle. On at least two occasions, [Appellant] is seen handing empty plastic bags to Danielle. Danielle is seen moving multiple items around in the cart, and placing her coat on top of the cart over unscanned items. After several bags were full, Danielle is seen taking the bags and placing them on top of unscanned items in the cart.

Trial Court Opinion, 2/13/19, at 1-2.

The Commonwealth charged Appellant with the above crimes, and a jury convicted Appellant following trial on October 31, 2018. That same day, the trial court sentenced Appellant to 18 months of probation. Appellant filed post-sentence motions. The trial court held a hearing on December 5, 2018, and on February 13, 2019 entered an order denying the motions. Appellant filed this timely appeal on March 12, 2019. Both the trial court and Appellant have complied with Pennsylvania Rule of Appellate Procedure 1925.[2]

Appellant raises a single issue for our review:

WHETHER THE EVIDENCE WAS SUFFICIENT TO SUSTAIN [APPELLANT'S] CONVICTIONS FOR RETAIL THEFT AND CONSPIRACY - RETAIL THEFT.

Appellant's Brief at 7.

We review Appellant's claim mindful of the following:

Because a determination of evidentiary sufficiency presents a question of law, our standard of review is *de novo* and our scope of review is plenary. In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all

_____

[2] On May 13, 2019, the trial court entered an order stating that its "opinion dated February 13, 2019, addresses the issues raised by [Appellant] in [her] Concise Statement of Matters Complained of On Appeal" and referencing that opinion in satisfaction of "the requirements of Pa.R.A.P. 1925(a)." Order, 5/13/19.

reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt. The facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. It is within the province of the fact-finder to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence. The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence. Moreover, as an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder.

*Commonwealth v. Palmer*, 192 A.3d 85, 89 (Pa. Super. 2018) (brackets and citation omitted). When reviewing a sufficiency claim, "the entire record must be evaluated and all evidence actually received must be considered." *Commonwealth v. Thomas*, 194 A.3d 159, 166 (Pa. Super. 2018) (citation omitted); *see also Commonwealth v. Lovette*, 450 A.2d 975 (Pa. 1982) (explaining that a sufficiency claim will not be assessed on a diminished record, but rather on the evidence actually presented to the finder of fact).

Instantly, Appellant argues that the evidence was insufficient to prove "she was actively involved as a partner in the criminal action." Appellant's Brief at 9. The essence of Appellant's argument is that she did not intend to steal the items, and her cousin, Danielle, acted alone. *See id.* at 10-15. Appellant asserts:

the primary circumstantial proof of the hiding of items or attempting to obscure them from view were all done by Danielle. The question must therefore be whether or not [Appellant's] presence with Danielle is supported by other evidence to show that she was part of the attempt to take those 49 items out of the store without paying for them or that she even knew that unpaid items had not been handed to her from the cart by Danielle. There

- 3 -

is her presence there with Danielle and her involvement in selecting the items but that was insufficient to show that she agreed to or was part of the plan to take items without paying for them.

*Id.* at 15.

A person is guilty of retail theft if he "takes possession of ... any merchandise ... offered for sale by any store ... with the **intention** of depriving the merchant of the possession, use or benefit of such merchandise without paying the full retail value thereof...." 18 Pa.C.S.A. § 3929(a)(1) (emphasis added). The Crimes Code provides that "[a] person is guilty of conspiracy with another person or persons to commit a crime if with the **intent** of promoting or facilitating its commission he: (1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime ...; or (2) agrees to aid such other person or persons in the planning or commission of such crime ...." 18 Pa.C.S.A. § 903(a) (emphasis added). A conspiracy is almost always proved through circumstantial evidence of the conduct of the parties and the surrounding circumstances. *See Commonwealth v. Lambert*, 795 A.2d 1010, 1016 (Pa. Super. 2002).

Appellant argues that the Commonwealth failed to prove the intent element of the above crimes beyond a reasonable doubt. However, our review of the record, particularly the notes of testimony, comports with the trial court's summary of the evidence reproduced above. The court reasoned:

[T]he video clearly shows [Appellant] turned toward the cart on numerous occasions and [she] was interacting with Danielle the entire time. [Appellant] was the only one scanning items; some items she placed in bags and some items she handed to Danielle; and she handed empty bags to Danielle. Based on the conduct of [Appellant], there was certainly enough circumstantial evidence to show that [Appellant] intended to deprive Wal-Mart of merchandise and the she conspired with Danielle to do so.

Trial Court Opinion, 2/13/19, at 3.

Upon review, we agree that the evidence was sufficient to support the jury's verdicts. Prior to trial, the court instructed the jury, among other things, "to keep an open mind" and "use your understanding of human nature and common sense." N.T., 10/31/18, at 12. Thereafter, the Commonwealth presented the testimony of Walmart's loss prevention professional, Keirrie Fichter. Ms. Fichter testified that she first noticed Appellant and Danielle because "they weren't really paying attention to prices," and "were just going along, pulling stuff off the shelves . . . and they also had a baby blanket with them and the baby blanket was like draped over the top of the cart, which then I continued to follow them and then they . . . used the blanket to cover up some merchandise." *Id.* at 28. Ms. Fichter testified that Appellant and Danielle "switched off and on within the store of who was pushing and who wasn't pushing." *Id.* at 30. She also stated, "[b]oth of them were selecting merchandise and putting it in the same shopping cart" and both "were just throwing it in the cart." *Id.* at 32-33, 59. Ms. Fichter followed "right behind" the women to the self-checkout, where Appellant "continue[d] to scan merchandise" and was "the only one scanning the items." *Id.* at 34-35. After

Ms. Fichter observed that the women did not pay for all of the items, and proceeded to exit the store, she approached them and identified herself as a loss prevention employee. *Id.* at 36. Ms. Fichter testified that the women checking out was documented on video, which — along with the receipt showing that the women only paid for 51 of 110 items in their cart — the Commonwealth introduced into evidence. *Id.* at 41; Exhibits C-1, C-3.[3] Notably, Appellant's counsel objected during the Commonwealth's questioning of Ms. Fichter, stating: "Objection. She is asking what she sees on the video. **That is the jury's province**." *Id.* at 49-50 (emphasis added). In addition, Appellant did not present any defense witnesses.

On this record, we find no merit to Appellant's claim that the evidence was insufficient to show her intent to deprive Walmart of merchandise, or her agreement with Danielle to do so. As Appellant's counsel recognized during trial, "[i]t is within the province of the fact-finder to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence." *Palmer*, 192 A.3d at 89.

Judgment of sentence affirmed.

---

[3] Exhibit C-2 is Walmart's documentation of the unscanned items and their value of $240.64. N.T., 10/31/18, at 44.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/11/20